UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COREY SMITH, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>V.<br><br>DISH AMERICA CORPORATION,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 4:20-cv-01497<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1.  Defendant Dish America Corporation ("Defendant") required Plaintiff Corey Smith ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers as independent contractors instead of as employees. By misclassifying them as independent contractors, Defendant illegally denied Plaintiff and the proposed Class Members compensation at time and one half their regular rates of pay for all hours worked over 40 in a workweek.

2.  Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in this District because Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District, including the failure to pay Plaintiff overtime wages when he worked more than 40 hours in a week.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff Corey Smith is an individual residing in Houston, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6.      The Class Members are all current and former installers a/k/a complete solutions technicians who were classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint.

7.      Defendant Dish America Corporation is a corporation organized under the laws of Texas. Defendant can be served with process by serving its registered agent, Carmella Davis, at 10450 Cossey Road, Houston, TX 77070.

## COVERAGE

8.      At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9.      At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

13. Defendant is a company that installs Dish Network cable and internet equipment in residences.

14. To perform its services, Defendant employed installers, that were also known as complete solutions technicians, to install the various pieces of equipment for cable television and internet.

15. Defendant classified these installers as independent contractors.

16. Plaintiff performed work for Defendant as an installer from approximately May 2012 to February 2020. Plaintiff installed equipment for cable television and internet. Plaintiff was paid on a piece rate basis based upon the type of installation he performed.

17. Likewise, the Class Members were also installers.

18. Plaintiff was classified by Defendant as an independent contractor.

19. The Class Members were also classified as independent contractors.

20. Plaintiff and the Class Members regularly worked over 40 hours each week.

21. However, when they worked more than 40 hours, they were not paid any overtime wages for those hours worked in excess of 40.

22. Given that they were misclassified as independent contractors, they were denied overtime pay.

23. However, under the Fair Labor Standards Act, Plaintiff and the Class Members were employees and not independent contractors.

24. They wore uniforms provided by Defendant and had to place decals on their personal vehicles that were given to them by Defendant.

25. They were required to follow Defendant's policies and procedures and were supervised by an employee by Defendant.

26. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

27. In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work.

28. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

   a. Defendant paid Plaintiff and the Class Members a preset amount based upon the type of installation they performed;

   b. The rates paid by Defendant was set by Defendant and was not negotiated by the Plaintiff or Class Members;

   c. Defendant required Plaintiff and the Class Members to report to their assigned job site at a set time;

   d. Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work pre-approved;

   e. Defendant set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform their work;

   f. Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

4

    g. Defendant assigned Plaintiff and the Class Members a substantial number of hours of work per week;

    h. Plaintiff's and the Class Members' services were integrated into Defendant's operations;

    i. Plaintiff and the Class Members constituted the workforce without which Defendant could not perform its services;

    j. Plaintiff and the Class Members worked for Defendant for long periods of time as is common with employees; and

    k. Defendant maintained the right to discharge Plaintiff and the Class Members at any time.

29. Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Defendant invested in significant resources, including in equipment, website, employees, and warehouses. Plaintiff and the Class Members did not make any investment to do their work.

30. Further, Plaintiff and the Class Members performed work that was integral to the operations of Defendant. Indeed, Defendant offers cable tv and internet installation services to its customers and the Plaintiff and Class Members were the workers who performed those services.

31. Moreover, Defendant supervised and controlled the activities of Plaintiff and the Class Members. Defendant monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendant.

32. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

33. Defendant misclassified the Plaintiff and Class Members as independent contractors to avoid their obligations to pay these employees overtime.

34. No exemption applies to Plaintiff or the Class Members.

35. Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the law. Defendant's misclassification was not by accident, but a well thought out scheme to reduce labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations were willful.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

36. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37. Defendant's practice of failing to pay Plaintiff and the Class Members time-and-one-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

38. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff/Class Members.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

40. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its installer workforce.

41. Plaintiff's knowledge is based on his personal work experience and through communications with other installers working for Defendant.

42. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek because Defendant misclassified them as independent contractors.

43. Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

44. Defendant has classified and continues to classify the Class Members as independent contractors.

45. The Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

46. The Class Members are not exempt from receiving overtime pay under the FLSA.

47. As such, the Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

48. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

49. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

50. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

51. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

52. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

53. As such, the class of similarly situated workers is properly defined as follows:

> All current and former installers a/k/a complete solutions technicians who were classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint.

## WAGE DAMAGES SOUGHT

54. Plaintiff and the Class Members are entitled to recover their unpaid overtime compensation.

55. Plaintiff and the Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 U.S.C. § 216(b).

56. Plaintiff and the Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER

57. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members;

   b. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        HODGES & FOTY, L.L.P.

        By: /s/ Don J. Foty
        Don J. Foty
        DFoty@hftrialfirm.com
        Texas State Bar No. 24050022
        4409 Montrose Blvd, Ste. 200
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS